IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAN GAIL TRAMPP                                                                                           PLAINTIFF

vs.                                           Civil No. 2:14-cv-02192

CAROLYN W. COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Jan Gail Trampp ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.     Background:**

Plaintiff protectively filed her disability application on July 25, 2012.  (Tr. 8).  In her application, Plaintiff alleges being disabled due to arthritis, emotional problems, anemia, anxiety, manic depression, numbness on her left side, left shoulder problems, left hip problems, and lower back problems. (Tr. 189).  Plaintiff alleges an onset date of June 26, 2012.  (Tr. 9).  This application was denied initially and again upon reconsideration.  (Tr. 71-101).

Thereafter, Plaintiff requested an administrative hearing on her application.  (Tr. 110).  This hearing request was granted.  (Tr. 121-143).  Plaintiff's administrative hearing was held on April 22,

1

2013 in Fort Smith, Arkansas. (Tr. 24-69). At this hearing, Plaintiff was present and was represented by Derick Allison. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") John Massey testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 27). As for her education, Plaintiff testified she had a high school education and had completed approximately one year of college. (Tr. 27-28).

On June 21, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 6-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 11, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 26, 2012, her alleged onset date. (Tr. 11, Finding 2).

The ALJ found Plaintiff had the following severe impairments: mild osteoarthritis and mild degenerative disc disease affecting the lumbosacral spine, left knee arthralgia, hypertension, anemia without complications, obesity, a bipolar disorder and cyclothymic disorder, an anxiety disorder not otherwise specified, and a borderline personality disorder or dissociative identity disorder. (Tr. 11, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

After careful consideration of the entire record, the undersigned finds that the

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can only occasionally perform climbing, balancing, stooping, kneeling, crouching, and crawling in a work setting; her interpersonal contact in the work setting must be incidental to the work performed; the complexity of tasks must be able to be learned by rote repetition; the job must include few variables and require little use of judgment; and supervision must be simple, direct, and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18, Finding 6). Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any of her PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Specifically, the VE testified, given Plaintiff's age, education, work experience, and RFC, a hypothetical person with those limitations retained the capacity to perform the following occupations: (1) cook's helper or food preparation worker (light, unskilled) with 53,000 such jobs in the national economy; and (2) housekeeper (light, unskilled) with 13,000 such jobs in the national economy. *Id.*

Based upon the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date of June 26, 2012 through the date of the ALJ's decision or through June 21, 2013. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On August 19, 2014, the Appeals Council denied this request for review. (Tr. 1-3). On September 10, 2014, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 9, 12. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff raises three specific claims: (A) the ALJ improperly considered the report by Dr. Robert L. Spray, Jr., Ph.D.; (B) the ALJ failed to consider the fact she could not afford her medication; and (C) the ALJ improperly considered her obesity. ECF No. 9. The Court will address each of these issues.

    A.    **Report by Dr. Spray**

Plaintiff claims the ALJ improperly considered the findings of Dr. Spray. ECF No. 9 at 2. In making this argument, Plaintiff references the notes Dr. Spray made under the background or "mental allegations" section. (Tr. 798). These, however, are not Dr. Spray's *findings.* Plaintiff's bare allegations made to Dr. Spray certainly do not qualify as his medical opinions.

Further, in his opinion, the ALJ did thoroughly consider Dr. Spray's opinions and evaluated them as follows:

5

> As for the opinion evidence, Dr. Spray indicated that the claimant persisted adequately during his examination and he noted that her pace was normal. On the other hand, he indicated that the claimant's attention and concentration are impaired. Further, he noted that her social anxiety could negatively impact her function in a job setting. It is important to note that Dr. Spray reported that the claimant was not taking any medication at the time of his interview. Further, he did not imply that the claimant required any medication. Based on the evidence, the claimant has been limited to performing unskilled jobs consisting of simple, repetitive procedures. She has also been limited to incidental contact with other individuals in the performance of job duties.

(Tr. 17). Based upon the ALJ's assessment of Dr. Spray's opinions, the Court finds no basis for reversal on this issue.

### B.     Plaintiff's Alleged Inability to Afford Medication

Plaintiff claims the ALJ erred because he failed to consider that "[a]t the time of the hearing . . . [she] . . . was not able to afford medication, had no insurance, and was simply taking Lisinopril for maintenance of her high blood pressure." ECF No. 9 at 3. Plaintiff claims the ALJ should have further evaluated this issue and the fact she had been prescribed medication in the past. *Id.*

Although it is unclear what Plaintiff's specific argument is on this issue, it appears she is claiming her failure to seek treatment should be excused because she could not afford that treatment. As an initial matter, the Court notes that an inability to afford treatment and medication may excuse a claimant's failure to seek medical treatment or take prescribed medication. *See Blakeman v. Astrue,* 509 F.3d 878, 888 (8th Cir. 2007). However, a claimant cannot make the bare claim that he or she was unable to afford medical treatment without providing any evidentiary support. Indeed, a claimant must provide some "medical evidence" indicating he or she sought low-cost medical treatment for those problems or was denied treatment due to a lack of funds. *See Riggins v. Apfel,* 177 F.3d 689, 693 (8th Cir. 1999).

Here, Plaintiff has made no such demonstration. *See* ECF No. 9. Thus, the Court finds the ALJ did not err in failing to consider Plaintiff's alleged inability to afford medical care.

    **C.**    **Plaintiff's Obesity**

Plaintiff claims the ALJ erred in considering her obesity and the impairments stemming from her obesity. ECF No. 9 at 4. However, despite this claim, although Plaintiff did allege suffering from pain, Plaintiff did not allege in either her application or at the hearing in this matter that she was disabled due to obesity. (Tr. 44, 169). Thus, the ALJ was under no obligation to investigate this claim further. *See Pena v. Chater,* 76 F.3d 906, 9090 (8th Cir. 1996) (recognizing an ALJ is under no obligation to investigate a claim not presented in the disability application or at the administrative hearing as a basis for disability). *See also Johnson v. Colvin,* 577 F. App'x 621, 622 (8th Cir. 2014) (affirming the decision of the district court because the claimant in that case did not specifically allege her obesity was disabling).

**4.**    <u>**Conclusion**</u>**:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix***, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 6th day of May 2015.**

                                              /s/  Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              U.S. MAGISTRATE JUDGE